IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-59-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| GERALD LEE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 9, 2007, Gerald Lee Williams ("defendant") was charged in a three-count indictment concerning events that allegedly took place on or about January 11, 2006. Count one charged defendant with knowingly and intentionally possessing with intent to distribute a quantity of cocaine base (crack), a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). Count two charged defendant with, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessing in and affecting commerce a firearm, that is a Winchester Model 1300, 12 gauge shotgun and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Count three charged defendant with using and carrying a firearm during and in relation to a drug trafficking crime prosecutable in a court of the United States as alleged in count one, specifically, a Winchester Model 1300, 12 gauge shotgun, and possessing said firearm in furtherance of said drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). The indictment also contains certain criminal history allegations pursuant to 21 U.S.C. § 802(44).

On July 16, 2007, defendant pleaded not guilty to all three counts. Defendant has filed several pretrial motions, and the government has responded. The court addresses defendant's motions seriatim.

I.

Defendant moves for a bill of particulars pursuant to the Fifth and Sixth Amendments and Fed. R. Crim. P. 7(f) regarding counts two and three of the indictment. Specifically, defendant seeks, with respect to count two, the time and place defendant allegedly possessed the shotgun and ammunition and, with respect to count three, the time and place defendant allegedly possessed the shotgun in furtherance of a drug trafficking conspiracy.

"The purpose of a bill of particulars is to inform the defendant of the charges against him in sufficient detail and to minimize surprise at trial." United States v. Butler, 885 F.2d 195, 199 (4th Cir. 1989) (quotation omitted). It "is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985). When the government maintains an "open file" policy or when the defendant has "obtained all necessary information from the government's files," the defendant is not prejudiced by a denial of a bill of particulars. United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986). Likewise, where the indictment alleges every element of the offenses charged and alleges facts sufficient to put the defendant on notice of the charges against him, the court need not grant a bill of particulars. See id. at 1125-26.

The government represents that it has met its discovery obligations through its "broad discovery policy." Gov't Omnibus Resp. to Def.'s Mots. (hereinafter "Gov't Resp.") 4. Defendant does not contend that the government has failed to maintain an open file policy. See Def.'s Mot. for Bill of Particulars. Additionally, the court finds that the indictment sufficiently details the alleged criminal activity so as to avoid surprise or unfair advantage and enable defendant to adequately prepare for trial. See, e.g., Butler, 885 F.2d at 199; Amend, 791 F.2d at 1125-26. Accordingly, defendant's motion for a bill of particulars is denied.

2

II.

Defendant next moves under Fed. R. Evid. 404(b) for "an order requiring the Government to disclose the date, nature and circumstances of all evidence showing 'other crimes, wrongs or acts' not charged in the current indictment which the Government may attempt to introduce at trial." Def.'s Mot. for Notice of Intent to Use 404(b) Evid. 1. The government responds by providing "precautionary notice" of its intent to call as a witness Christopher Graham, who will testify as to defendant's alleged "drug activity on the day of the arrest as well as drug sales activity over time." Gov't Resp. 5. The government also "agrees to further provide additional disclosures, if and when made known to the United States." Id. The admissibility of any such evidence will be considered by the court during trial, when, and if, it is sought to be introduced. See Fed. R. Evid. 404(b); see also United States v. Cooper, 482 F.3d 658, 662-63 (4th Cir. 2007); United States v. Kennedy, 32 F.3d 876, 885-86 (4th Cir. 1994). In light of the government's response, defendant's Rule 404(b) motion is denied.

III.

Defendant also filed a motion in limine to prevent the government from introducing evidence through the testimony of defendant's wife, Tisha Allen Williams, unless the government first overcomes the presumption that confidential marital communications are privileged. Def.'s Mot. in Limine 1; see United States v. Parker, 834 F.2d 408, 411 (4th Cir. 1987). The government responds that it "will not disclose the substance of the possible testimony of Mrs. Williams in its opening statements and will not introduce the testimony without an opportunity for Defendant's motion to be further argued." Gov't Resp. 5. Accordingly, defendant's motion in limine is held in abeyance until such time, if any, that the government seeks to introduce allegedly privileged communications at trial and the defendant objects.

IV.

Defendant seeks an order, pursuant to Giglio v. United States, 405 U.S. 150 (1972), and Brady v. Maryland, 373 U.S. 83 (1963), that the government produce any evidence of immunity, leniency, or preferential treatment given to a government witness. Def.'s Mot. to Compel Discl. of Promises and Impeaching Evid. The government must disclose such impeachment evidence to defendant "in time for its effective use at trial." United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985). The government notes that it has disclosed its plea agreement with Christopher Graham and states that it will disclose any other Giglio-Brady information should it become available. Gov't Resp. 7. In light of the government's response, defendant's motion to compel disclosure of the existence of promises and impeaching evidence is denied.

V.

Defendant filed a motion, pursuant to the Jencks Act, 18 U.S.C. § 3500, for production of all the grand jury testimony in this case, "regardless of whether the particular witness or witnesses will be called to testify at trial." Def.'s Mot. to Compel Early Prod. of Grand Jury Test. 1.

The government is not required to produce Jencks Act material relating to a government witness or prospective government witness until after the witness has testified on direct examination at trial. 18 U.S.C. § 3500(a); United States v. Lewis, 35 F.3d 148, 151 (4th Cir. 1994). Thus, defendant's request for the grand jury testimony of possible government trial witnesses is denied.

As for the testimony of grand jury witnesses not expected to testify at trial, defendant must make "a strong showing of particularized need" before grand jury confidentiality is pierced and disclosure is permitted. United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983); In re Grand Jury Proceedings, 800 F.2d 1293, 1298 (4th Cir. 1986). Specifically, defendant must establish that (1) the grand jury materials are needed to avoid a possible injustice in another judicial proceeding,

4

(2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only the needed material. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979); In re Grand Jury Proceedings, 800 F.2d at 1298. The "mere possibility" of impeaching a witness is not sufficient to show a particularized need. United States v. Chase, 372 F.2d 453, 466 (4th Cir. 1967).

Defendant claims that, because the second grand jury to hear evidence against defendant indicted defendant on two counts more than the first grand jury to hear evidence against defendant, "a significant discrepancy must necessarily exist between the testimony" presented to the two grand juries. Def.'s Mot. to Compel Early Prod. of Grand Jury Test. ¶ 7. This argument does not demonstrate a particularized need for the grand jury testimony. See Chase, 372 F.2d at 466 ("[T]he mere possibility that a witness's testimony before both grand juries differed . . . would be insufficient reason to pierce the veil of secrecy which protects the proceedings of such a body."). Defendant's other arguments for production merely raise issues common to nearly all criminal cases. See Def.'s Mot. to Compel Early Prod. of Grand Jury Test. ¶¶ 8-11. Thus, defendant has not made the requisite strong showing of particularized need and his motion for production of grand jury testimony is denied. See, e.g., Sells Eng'g, Inc., 463 U.S. at 443; Douglas Oil Co., 441 U.S. at 222; In re Grand Jury Proceedings, 800 F.2d at 1298.

VI.

Defendant seeks an order, pursuant to Fed. R. Evid. 615, requiring the sequestration of all government witnesses except the government's case agent and prohibiting the case agent from revealing anything about the trial testimony to the other government investigators or other non-law enforcement witnesses who will be government witnesses at trial. Def.'s Mot. for Sequestration of Gov't Witnesses. The government does not oppose the motion, but does request that the

5

sequestration order also apply to defense witnesses. Gov't Resp. 7.

Defendant's motion to sequester under Rule 615 is granted. All trial witnesses, not simply those called by the government, shall be "excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. See United States v. Rhynes, 218 F.3d 310, 317-21 (4th Cir. 2000) (en banc). The government may designate one investigative agent who may be present throughout the trial even if he or she is expected to testify. See Fed. R. Evid. 615(1). Additionally, defendant (of course) may be present throughout trial even if he is expected to testify. See Fed. R. Evid. 615(2).

## VII.

Finally, defendant moves to dismiss the indictment and requests discovery on the government's prosecutorial decisions. Def.'s Mot. to Dismiss & Req. for Disc. on Pros. Decisions. Defendant seeks dismissal and discovery under a theory of prosecutorial vindictiveness. Id. at 3-7. Defendant alleges that the government dismissed the original indictment against defendant, to which defendant did not object, and brought additional charges in the present indictment in order to punish defendant for exercising his right to a jury trial. Id. The government responds that it dismissed the original indictment not as retribution, but in response to Judge Fox's stated reservations about proceeding to trial with a final laboratory drug report varying from the amount of drugs listed in the indictment. Gov't Resp. 11-12. Further, the government states that it brought additional charges in the present indictment because it learned a day before the originally scheduled trial of eyewitness testimony allegedly placing the shotgun in defendant's possession. Id. at 9-12.

In order to establish a vindictive prosecution claim, a defendant must show that "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have

6

been prosecuted but for that animus." United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001). A defendant may prove vindictiveness through "direct evidence" of actual vindictiveness or through "evidence of circumstances from which an improper motive may be presumed." Id. To invoke such a presumption, the circumstances must "pose a realistic likelihood of vindictiveness." Id. The presumption of vindictiveness "will rarely, if ever, be applied to prosecutors' pretrial decisions." Id. at 315. "[A] prosecutor should remain free before trial to exercise [the] broad discretion entrusted to him to determine the extent of societal interest in prosecution. An initial decision should not freeze future conduct." Id. (quoting United States v. Goodwin, 457 U.S. 368, 382 (1982)).

Here, defendant has not alleged actual vindictiveness. Rather, defendant essentially claims that circumstances leaving him in potentially more peril from one indictment to the next necessarily involves prosecutorial vindictiveness. However, there is no reasonable likelihood that the government's decision to seek gun charges in the second indictment was motivated by a desire to punish defendant for exercising his right to a jury trial. See id. at 314. The government's pretrial decision to pursue additional charges based on new evidence was within the broad discretion entrusted to prosecutors. See id. at 315. In light of the circumstances and the governing evidentiary standard, the court finds that the current prosecution is not presumptively vindictive and denies the motion to dismiss the indictment and conduct discovery into prosecutorial decision-making.

VIII.

For the reasons stated above, defendant's motion for a bill of particulars [D.E. 13] is DENIED, motion for notice of intent to use 404(b) evidence [D.E. 14] is DENIED, motion in limine concerning marital privilege [D.E. 15] is HELD IN ABEYANCE UNTIL TRIAL, motion to compel disclosure of the existence of promises and impeaching information [D.E. 16] is DENIED, motion

7

to compel early production of grand jury testimony [D.E. 17] is DENIED, motion to sequester witnesses [D.E. 18] is GRANTED as set forth herein, and motion to dismiss the indictment and request discovery on the government's prosecutorial decisions [D.E. 19] is DENIED.

SO ORDERED. This the 27 day of August 2007.

JAMES C. DEVER III
United States District Judge